UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :     INDICTMENT

    - v. -                         :     08 CRIM. 268

HAROLD LOPEZ CASTRO,               :
    a/k/a "Bogotano,"

             Defendant.

- - - - - - - - - - - - - - - - - -x

## COUNT ONE

The Grand Jury charges:

1. From in or about March 2004 through in or about April 2006, in the Southern District of New York and elsewhere, HAROLD LOPEZ CASTRO, a/k/a "Bogotano," the defendant, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CASTRO, and others known and unknown, conspired to commit robberies of individuals believed to be in possession of narcotics and narcotics proceeds.

Overt Acts

2.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.   In or about the Spring of 2004, in the vicinity of 712 47th Street, in Brooklyn, New York, HAROLD LOPEZ CASTRO, a/k/a "Bogotano," the defendant, and other co-conspirators not named herein, robbed the home of a suspected narcotics dealer and took, among other things, approximately 250 grams of cocaine.

   b.   In or about December 2004, in the vicinity of 712 47th Street, Brooklyn, New York, CASTRO struck a suspected narcotics dealer on the head with a gun and robbed him of suspected narcotics proceeds.

   c.   In or about November 2005, in the vicinity of 22nd Street and 5th Avenue, in Brooklyn, New York, CASTRO, together with other co-conspirators not named herein, struck a suspected narcotics dealer on the head with a gun and robbed him of two kilograms of cocaine and $18,000 of suspected narcotics proceeds.

   d.   In or about December 2005, CASTRO and a co-conspirator not named herein ("CC-1") traveled across the Verrazano-Narrows Bridge en route to a planned robbery of a suspected narcotics dealer at a restaurant in Plainfield, New Jersey.

e.  In or about April 2006, in the vicinity of 60th Street and 8th Avenue, in Brooklyn, New York, CASTRO and other co-conspirators not named herein robbed a suspected narcotics dealer of a bag containing approximately two kilograms of cocaine.

(Title 18, United States Code, Section 1951.)

**COUNT TWO**

The Grand Jury further charges:

3.  From in or about March 2004 through in or about April 2006, in the Southern District of New York and elsewhere, HAROLD LOPEZ CASTRO, a/k/a "Bogotano," the defendant, together with others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

4.  It was a part and an object of the conspiracy that HAROLD LOPEZ CASTRO, a/k/a "Bogotano," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a), and 841(b)(1)(A).

Overt Acts

5. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

a. In or about the Spring of 2004, in the vicinity of 712 47th Street, in Brooklyn, New York, HAROLD LOPEZ CASTRO, a/k/a "Bogotano," the defendant, and other co-conspirators not named herein, robbed the home of a suspected narcotics dealer and took, among other things, approximately 250 grams of cocaine.

b. In or about November 2005, in the vicinity of 22nd Street and 5th Avenue, in Brooklyn, New York, CASTRO, together with other co-conspirators not named herein, struck a suspected narcotics dealer on the head with a gun and robbed him of two kilograms of cocaine and $18,000 of suspected narcotics proceeds.

c. In or about December 2005, CASTRO and a co-conspirator not named herein ("CC-1") traveled across the Verrazano-Narrows Bridge en route to a planned robbery of a suspected narcotics dealer at a restaurant in Plainfield, New Jersey.

d. In or about April 2006, in the vicinity of 60th Street and 8th Avenue, in Brooklyn, New York, CASTRO and other co-conspirators not named herein robbed a suspected narcotics dealer of a bag containing approximately two kilograms of cocaine.

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION**

      6.    As a result of committing the controlled substance offense alleged in Count Two of this Indictment, HAROLD LOPEZ CASTRO, a/k/a "Bogotano," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Two of this Indictment.

<u>Substitute Assets Provision</u>

      7.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third person;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____          _____
FOREPERSON                                MICHAEL J. GARCIA
                                          United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**HAROLD LOPEZ-CASTRO,**
a/k/a "Bogotano"

Defendant.

INDICTMENT

08 Cr.

(18 U.S.C. § 1951; 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A))

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.